UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS PARKER, *individually and on behalf of all others similarly situated*<br><br>                    Plaintiff,<br><br>vs.<br><br>NEWREZ, LLC<br><br>                    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff, CHRIS PARKER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through the undersigned attorneys against Defendant NEWREZ, LLC (hereinafter "Defendant"), a Delaware Limited Liability Company, for its violations of the Truth in Lending Act, 15 U.S.C. §1601 (hereinafter "TILA), and for a breach of contract and violation of the New York General Businss Law §349, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. TILA provides consumers, in any consumer transaction in which a security interest is or will be retained or acquired in any property which is used as a primary residence, a right to rescind the transaction until midnight of the third business day following the consummation of the transaction. See 15 U.S.C. § 1635(a) and its implementing Consumer Financial Protection Bureau Regulation Z, 12 C.F.R. part 1026.23.

2. If the right of rescission is exercised, consumers are entitled to a full refund of any amounts

or charges paid, including for fees for a title search or appraisal.

3. Congress explained that the part of the purpose of TILA was to provide consumers with rescission rights. After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against lenders who fail to comply with the Act.

## NATURE OF THE ACTION

4. Plaintiff brings this action individually and on behalf of a class of New York residents seeking redress for Defendant's actions which violate TILA and/or the New York GBL.

5. Plaintiff is alleging that Defendant violated several sections of TILA, including 15 U.S.C. §1635, as well as state law.

6. Plaintiff is seeking actual damages, statutory damages, attorney's fees and costs, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331 (general federal question), § 1337 (interstate commerce), 15 U.S.C. § 1601 *et seq.* (Truth in Lending Act), 15 U.S.C. § 1692 *et seq.* (Fair Debt Collection Practices Act), and 28 U.S.C. § 2201 (federal remedy). If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction). Defendant is a Delaware limited liability company and does business throughout the United States, including throughout the State of New York.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person and a resident of the Town of Greenburgh, Village of Irvington,

County of Westchester, State of New York.

10. Plaintiff is a "natural person" and a "consumer" as the term is defined under TILA, 15 U.S.C. § 1602(i).

11. Plaintiff's loan at issue was in connection with a residential real estate transaction that was primarily for personal, family or household purposes, and involved the extension of credit.

12. Defendant NewRez, LLC is part of the mortgage banking industry with its headquarters in Fort Washington, Pennsyvlania.

13. Defendant regurlarly extends consumer credit and is a "creditor" as defined under TILA.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to October 12, 2020, Plaintiff began looking into refinancing his primary home.

16. On July 03, 2020, Plaitniff received a loan estimate ("Loan Estimate") from Defendant which included estimated costs for the refinance. See **Exhibit A.** Said costs included an orgination fee of $995.00 and an appraisal fee of $475.00.

17. The Closing Disclosure instructed Plaintiff to compare its numbers with those listed on the Loan Estimate.

18. Defendant hired E-STREET APPRAISALS to produce a property valuation report for Defendant's sole use and interests in connection with this mortgage refinancing transaction, and instructed Plaintiff to directly pay said E-STREET APPRAISALS four hundred and seventy five dollars ($475.00) for such activity, which he did on July 15, 2020.

19. On October 12, 2020 Plaintiff closed on the real estate refinance loan with Defendant at

Irvington, New York. Defendant provided Plaintiff with a Closing Disclosure and Notice of Right of Rescission at said closing, and collected a fully executed Receipt of Notice of Right of Rescission from the Plaintiff.

20. The loan was in connection with Plaintiff's primary personal residence in Irvington New York.

21. Shortly after signing the loan, Plaintiff, while comparing his Loan Estimate with the Closing Disclosure, noticed that he was charged a $7,699.68 loan origination fee (Box A), as opposed to the $995.00 fee disclosed on the earlier Loan Estimate.

22. On the following day, October 13, 2020, Plaintiff timely mailed in via certified mail and regular mail a fully executed notice of rescission letter, which clearly indicated Plaintiff's intent to cancel the loan. See **Exhibit B.** Said letter was received by Defendant on October 19, 2020.

23. Pursuant to the Notice of Right of Rescission provided by Defendant to Plaintiff at the time of the closing, Defendant promised to return any money or property Plaintiff gave to Defendant or anyone else in connection with the transaction if Plaintiff rescinded the loan by exercising this right.

24. Plaintiff also timely FAXed his notice of recission letter to Defendant on October 14, 2020 at 9:40pm, and further emailed Defendant on October 14, 2020 at 10:10pm that he had rescinded the loan. Plaintiff then received an email back on the following day confirming that the loan was canceled, and no loan proceeds were ever disbursed.

25. Pursuant to TILA, Plaintiff's rescission letter voided the security deed and canceled the refinance transaction, entitling him to a reimbursement of all costs incurred, including the $475 appraisal fee, within 20 days after Plaintiff's receipt of the notice of rescission.

26. To date, Defendant has yet to return the original Note to Plaintiff nor were any funds paid by Plaintiff in connection with the transaction ever returned by Defendant, including the appraisal fee of $475.

## **CLASS ALLEGATIONS**

35. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

36. TILA CLASS (a) all individuals in the United States (b) who entered into a non-purchase-money residential real estate transaction with Defendant (c) within one year of the filing of this action (d) who timely sent a notice of rescission (e) but were not returned all of their out of pocket fees and costs within twenty days after Defendant's receipt of the notice of rescission.

37. The New York Breach of Contract CLASS: (a) all individuals in New York State (b) who entered into a non-purchase-money residential real estate transaction with Defendant (c) within six year of the filing of this action (d) who timely sent a notice of rescission (e) but were not returned all of their out of pocket fees and costs within twenty days after receipt of the notice of rescission.

38. The New York GBL CLASS: (a) all individuals in New York (b) who entered into a non-purchase-money residential real estate transaction with Defendant (c) within three year of the filing of this action (d) who timely sent a notice of rescission (e) but were not returned all of their out of pocket fees and costs within twenty days after receipt of the notice of rescission.

39. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect

and/or have purchased debts.

40. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's failure to return any money or property given as earnest money, downpayment, or otherwise within 20 days after receipt of the notice of rescission violates TILA and/or state law.

42. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
## VIOLATIONS OF THE NEW YORK STATE GENERAL BUSINESS LAW § 349

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's practice of falsely promising to refund money or property within 20 days of receipt of a notice of rescission are deceptive acts and practices committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

49. These deceptive acts and practices constitute a violation of New York GBL § 349 independently of whether they also constitute a violation of any other law.

50. Each of these actions was consumer oriented and involves a misleading conduct that is recurring and has a broad impact upon the public.

51. Plaintiff and all others similarly situated have been damaged thereby.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated New York § 349, and Plaintiff and each member fo the Class are entitled to declaratory judgment; an injunction against the offending conduct, actual damages, treble damages up to an additional $1,000 per class member, punitive damages, costs and attorneys fees.

## COUNT II
## BREACH OF CONTRACT

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. As consideration for Plaintiff and the Class Members to enter into the loans with Defendant, Defendant agreed to return any monies paid as part of this transaction (including directly to third parties) if they received a timely notice of rescission within 20 days.

55. Alternatively, the Defendant's Notice of Right of Rescission given to the Plaintiff at the closing simultaneously with the execution of the Note and Mortgage constituted a contemporaneous writing to said instruments, or a separate, related contract. Therefore, Defendant was contractually required under said terms itself to provide a refund of all moneys paid and property given in connection of the transaction within 20 days in the event that the Plaintiff exercised his right of rescission as explained therein.

56. Defendant violated this agreement by failing to return all out of pocket costs and fees paid as part of the transaction within 20 days of receipt of the notice of rescission.

## COUNT III
### VIOLATIONS OF THE TRUTH IN LENDING ACT, 15 USC §§1601 et seq.

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant is a creditor within the meaning of TILA and the relevant implementing regulations set forth in Regulation Z.

59. The residential real estate loans in question are consumer credit transactions within the meaning of TILA.

60. Defendant violated various sections of TILA by:

   a. Failing to return all money given in connection with this transaction within 20 days of receipt of the notice of rescission as required by 15 U.S.C. § 1635 and 12 C.F.R. part 1026.23(d)(2).

   b. Failing to return the original Note, which constitutes personal property of the Plaintiff given in connection with this transaction, or the monetary value thereof as determined by its face, within 20 days of receipt of the notice of rescission as required by 15 U.S.C. § 1635 and 12 C.F.R. part 1026.23(d)(2).

61. As a result of its violations, Defendant has harmed the Plaintiff and all those similarly situated.

62. The TILA violations set forth herein were willful, intentional, frequent and persistent.

63. As a result of these violations, Defendant is liable for actual damages, statutory damages, costs, and attorney fees under 15 U.S.C. § 1640.

## COUNT IV
## INDIVIDUAL CLAIM

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Plaintiff is entitled to declaratory judgment, an injunction against the offending conduct, actual damages, statutory damages, treble damages, punitive damages, costs, and attorney fees under 15 U.S.C. § 1640, New York GBL § 349, and New York Breach of Contract Law.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff declaratory judgment;

(c) Awarding Plaintiff an injunction against the offending conduct;
(d) Awarding Plaintiff and the Class actual damages;

(e) Awarding Plaintiff and the Class statutory damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 14, 2021

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue - Suite 300
Asbury Park, NJ 07712
Office:   (732) 695-3282
Fax:      (732) 298-6256
Email: yzelman@MarcusZelman.com

Ari Marcus, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue - Suite 300
Asbury Park, NJ 07712
Office:   (732) 695-3282

Fax: (732) 298-6256
Email: Ari@MarcusZelman.com

*Attorneys for Plaintiff*